**A. LIPKO, Jr., Plaintiff–Appellant,**

v.

**Margaret CHRISTIE, Defendant– Appellee.**

**No. 02–9099.**

United States Court of Appeals, Second Circuit.

April 6, 2004.

A. Lipko, Jr., New Haven, CT, for Appellant, pro se.

Christine M. Gonillo, Milford, CT., for Appellees.

PRESENT: CABRANES, POOLER Circuit Judges and HALL, District Judge.*

* The Honorable Janet C. Hall, of the United States District Court for the District of Connecticut, sitting by designation.

## SUMMARY ORDER

Plaintiff has conducted ten years of litigation challenging the 1993 probate of his father's estate, of which defendant, plaintiff's sister, was executrix. Plaintiff's litigation has included three probate appeals in the Superior Court of the State of Connecticut, five appeals to the State of Connecticut Appellate Court, and two petitions for certiorari to the Supreme Court of the State of Connecticut. In the federal courts, plaintiff has filed three matters in the United States District Court for the District of Connecticut, and this is his fourth appeal to this Court. He has also filed two petitions for certiorari to the United States Supreme Court. *See generally* Appellee's Br. att. 3.

Plaintiff's history of litigation against defendant eventually incited defendant to file suit against plaintiff in Connecticut state court, which yielded (1) a permanent injunction prohibiting plaintiff from filing further litigation delaying resolution of the probate of his father's estate, and (2) a damages judgment for vexatious litigation. *See Christie v. Lipko*, No. CV96 0053297S (Conn.Super.Ct. Aug.17, 1997).

Lipko appealed the injunction portion of the judgment in state and federal courts. His federal complaint, filed while his state appeal was still pending, was dismissed by the United States District Court for the District of Connecticut for lack of subject matter jurisdiction under the *Rooker–Feldman* doctrine, and this Court affirmed the District Court's judgment on appeal. *See Lipko v. Christie*, No. 99–6263, 2000 WL 357671 (2d Cir. Apr.6, 2000) (unpublished). His state appeal was equally unavailing. *See* Defendant's Memo. in Support of Motion to Dismiss, *Lipko v. Christie*, No. 3:02 CV 479(SRU), at 3 (D.Conn. Apr. 23, 2002).

Later, Christie obtained judgment liens against two pieces of real property to se-cure the damages judgment against Lipko. *See* Compl. at 3. Lipko's attempts in state court to challenge the damages judgment led to the imposition of monetary sanctions against him in the amount of $1,485, for filing a frivolous appeal. *See* Defendant's Memo. in Support of Motion to Dismiss, *Lipko*, No. 3:02 CV 479(SRU), at 6.

On March 19, 2002, plaintiff filed the federal complaint at issue in the instant appeal, which sought to vacate the judgment liens on his property and to enjoin defendant from taking any action to enforce the state court damages judgment. The District Court first denied plaintiff a temporary restraining order preventing the imminent foreclosure of his home pursuant to one of the judgment liens, because plaintiff "ha[d] failed to demonstrate a likelihood of success on the merits or sufficiently serious questions going to the merits." *Lipko v. Christie*, No. 3:02 CV 479(SRU), at 2 (D.Conn. May 9, 2002). Specifically, the Court held that plaintiff's "claims [we]re, in all likelihood, barred by the *Rooker–Feldman* doctrine." *Id.*

In its order denying plaintiff a temporary restraining order, the District Court deferred dismissal of plaintiff's complaint for lack of subject matter jurisdiction under *Rooker–Feldman* in order to afford plaintiff the opportunity to make his case against such a dismissal. *See id.* at 4. After plaintiff submitted his opposition to defendant's motion to dismiss under *Rooker–Feldman*, the District Court dismissed the appeal for lack of subject matter jurisdiction under that doctrine. *See Lipko v. Christie*, No. 3:02 CV 479(SRU), at 2 (D.Conn. Aug. 9, 2002). We now affirm.

■ The *Rooker–Feldman* doctrine precludes lower federal courts from exercising jurisdiction over claims that seek to reverse or modify a state court judgment. *See Rooker v. Fidelity Trust Co.*, 263 U.S.

413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *see also District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482 n. 16, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) (noting that lower federal courts lack jurisdiction over not only direct appeals of state court judgments, but also claims that are "inextricably intertwined" with the determinations of a state court). As the District Court correctly concluded, this complaint, like plaintiff's earlier complaint challenging the injunction imposed against him in state court, which was dismissed under *Rooker–Feldman, see Lipko,* 2000 WL 357671, is merely a "collateral attack on [a] state court judgment," *Lipko,* No. 3:02 CV 479(SRU), at 2 (D.Conn. Aug. 9, 2002). It is therefore outside the jurisdiction of the District Court.[1]

▮ In view of plaintiff's history of vexatious litigation, and the fact that he has not been deterred from further filings in the District Court and this court by our earlier judgments declaring our lack of jurisdiction to review state court decisions, at oral argument of this matter we ordered plaintiff to show cause by letter to the Court why he should not be prohibited from pursuing any further appeals before this Court without first obtaining leave of the Court. *See, e.g., In re Martin–Trigona,* 737 F.2d 1254, 1264 (2d Cir.1984); *In re Bill Saunders,* No. 02–3097 (2d Cir. Mar. 20, 2003); *Tsimbidaros v. Goettel,* No. 96–6169 (2d Cir. Nov. 12, 1998). Because plaintiff has failed to show cause why he should not be subject to such an order, and because existing injunctions and sanctions in state court have not deterred him from initiating frivolous complaints and appeals in the federal courts, we now impose a leave-to-file requirement in the Court of Appeals for the Second Circuit.

It is hereby ORDERED that the Clerk refuse to accept for filing any further submission signed by the plaintiff unless he first obtains the leave of the Court to file such papers. *See, e.g., In re Martin–Trigona,* 737 F.2d at 1264; *In re Bill Saunders,* No. 02–3097 (2d Cir. Mar. 20, 2003); *Tsimbidaros,* No. 96–6169 (2d Cir. Nov. 12, 1998); *see also In re Martin–Trigona,* 9 F.3d 226 (2d Cir.1993) (upholding the Court's power to impose "leave-to-file" requirements).

For substantially the reasons stated by Judge Underhill in his orders of May 9, 2002 and August 9, 2002, the judgment of the District Court is AFFIRMED.

It is so ORDERED.

---

1. Because we lack subject matter jurisdiction over plaintiff's complaint, we decline to reach the myriad motions plaintiff has filed in our Court.